IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.,)<br>)<br>and )<br>)<br>DTG OPERATIONS, INC. f/k/a )<br>DOLLAR RENT A CAR SYSTEMS, INC. )<br>d/b/a  DOLLAR RENT A CAR, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO.<br><br><u>COMPLAINT</u><br>JURY TRIAL DEMAND<br><br>INJUNCTIVE RELIEF REQUESTED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Stephen E. Bowman who was adversely affected by such practices. As stated with greater particularity in the paragraphs below, the United States Equal Employment Opportunity Commission (hereinafter the "EEOC" or the "Commission") alleges that Defendants denied Stephen E. Bowman an International Tour Analyst position because of his race, Black. The International Tour Analyst position would have allowed him to remain employed with Defendants after a restructuring that resulted in Mr. Bowman's job elimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Dollar Thrifty Automotive Group, Inc., an international automobile rental and leasing company, has continuously been a foreign Corporation, doing business in the State of Florida and the City of Tampa, and has continuously had at least 15 employees.

5. At all relevant times, Defendant DTG Operations, Inc. f/k/a Dollar Rent A Car Systems, Inc. d/b/a Dollar Rent A Car, an international automobile rental and leasing company, has continuously been a foreign Corporation, doing business in the State of Florida and the City of Tampa, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Dollar Thrifty Automotive Group, Inc, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant DTG Operations, Inc. f/k/a Dollar Rent A Car Systems, Inc. d/b/a Dollar Rent A Car, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Stephen E. Bowman filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least December of 2002, Defendants have engaged in unlawful employment practices at their Tampa headquarters/regional office, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a).

    a. Stephen E. Bowman, a black male, was hired on or about December 1989 by Defendant DTG Operations, Inc. which was then named Dollar Rent A Car Systems, Inc. doing business as Dollar Rent A Car into the position of Staff Accountant for its headquarter's office in Tampa, Florida.

    b. Defendant DTG Operations, Inc. f/k/a Dollar Rent A Car Systems, Inc. d/b/a Dollar Rent A Car, is a wholly owned subsidiary of Defendant Dollar Thrifty Automotive Group, Inc.

    c. At all times relevant to this action, Defendants DTG Operations, Inc. f/k/a Dollar Rent A Car Systems, Inc. d/b/a Dollar Rent A Car, and Dollar Thrifty Automotive Group, Inc. were Stephen E. Bowman's joint employers.

    d. Throughout his employment with Defendants from on or about December

    1989 through May of 2003, Stephen E. Bowman held several positions including Staff Accountant, Budget & Financial Planning Analyst, Fleet Analyst, and General Accounting Analyst.

e. Throughout his employment, Stephen E. Bowman possessed all of the requisite qualifications to perform these positions and performed his job in a competent manner.

f. In or about Fall of 2002, Defendant Dollar Thrifty Automotive Group, Inc. decided to restructure its operations effective January of 2003, which resulted in several positions being eliminated at its Tampa, Florida office effective May and June of 2003.

g. Stephen E. Bowman's position, General Accounting Analyst, was slated to be eliminated effective May 31, 2003 as part of the restructuring.

h. Notwithstanding Defendants' restructuring, several departments and positions within those departments were not slated for elimination.

i. Defendants solicited applications from both internal and outside applicants for positions that became available.

j. In approximately the Spring of 2003, an International Tour Analyst position in a department that was not affected by the restructuring, became available.

k. On or about May 8, 2003, Stephen E. Bowman, with the approval and recommendation of his supervisor, applied for the International Tour Analyst position.

   l. Despite Stephen E. Bowman's qualifications and tenure with Defendants that demonstrated Mr. Bowman's abilities and requisite skills to perform the International Tour Analyst position, Defendants did not select Mr. Bowman for the job.

   m. A less qualified non-Black outside applicant was selected for the International Tour Analyst position.

10. The effect of the unlawful employment practices complained of above has been to deprive Stephen E. Bowman of equal employment opportunities, and otherwise adversely affect his status as an employee because of his race.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Stephen E. Bowman.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in racial discrimination in their hiring and promotion policies, practices and procedures, at their Florida facilities, and any other employment practice which discriminates on the basis of race.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Stephen E. Bowman by providing appropriate back

pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement, rightful-place hiring, or front pay.

  D. Order Defendants to make whole Stephen E. Bowman by providing compensation for past and future pecuniary losses resulting from the employment practices described in paragraph nine above, including but not limited to, out-of-pocket losses, medical expenses and job search expenses, in amounts to be determined at trial.

  E. Order Defendants to make whole Stephen E. Bowman by providing compensation for past and future nonpecuniary losses resulting from the employment practices described in paragraph nine above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay Stephen E. Bowman punitive damages for their malicious and reckless conduct described in paragraphs nine through twelve above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Respectfully Submitted,

          ERIC S. DRIEBAND
          General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney


<u>s/ Lauren G. Dreilinger</u>
Lauren G. Dreilinger
Trial Attorney
New York Bar No. 750288890
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Tel. (305) 530-6452
Fax (305) 536-4494